UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCKMANN & VICTORY, LLP<br>420 Lexington Avenue<br>New York, New York 10170<br><br>*Plaintiff,*<br><br>v.<br><br>MINE SAFETY AND HEALTH<br>ADMINSTRATION<br>1100 Wilson Blvd., 21st Floor<br>Arlington, Virginia 22209<br><br>and<br><br>UNITED STATES DEPARTMENT<br>OF LABOR<br>200 Constitution Avenue, N.W,<br>Washington, D.C. 20210<br><br>*Defendants.* | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *as amended*, to compel the production of records withheld by the Mine Safety and Health Administration ("MSHA") relating to MSHA's 103(k) Order No. 7204983 dated September 2, 2003.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.  Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3. Plaintiff Bruckmann & Victory, LLP ("B&V") is a law firm representing Certain Underwriters at Lloyd's, London ("Lloyd's") in an action pending in the Circuit Court of Wyoming County, West Virginia.

4. Defendant MSHA is a federal agency established as part of the Department of Labor to administer the provisions of the Federal Mine Safety and Health Act of 1977. In addition to the address referenced in the caption of this action, MSHA has an office at 100 Bluestone Road, Mount Hope, West Virginia 25880 that was involved in the subject matter of this action.

5. Defendant U.S. Department of Labor is an agency of the federal government that administers a variety of federal labor laws.

## FACTUAL BACKGROUND

6. On or about June 30, 2003, PinnOak Resources, LLC, and Pinnacle Mining Company, LLC, (collectively "PinnOak") purchased the Pinnacle Coal Mine, in Pineville, West Virginia. The Pinnacle Mine is subject to the jurisdiction of MSHA pursuant to Federal Mine Safety and Health Act of 1977, 30 U.S.C. § 801 *et seq.*, and the regulations promulgated by MSHA published at 30 C.F.R. Parts 1-199.

7. Lloyd's provided all risk property insurance to PinnOak pursuant to the terms and conditions of those policies, which included insurance for business interruptions.

8. Beginning on August 31, 2003, one or more methane ignitions occurred inside the Pinnacle Mine. In response to the ignition(s), on September 2, 2003, MSHA issued 103(k) Order No. 7204983 that closed the Pinnacle Mine. From September 2, 2003 to October 14, 2003, several subsequent ignitions occurred inside the Pinnacle Mine. MSHA maintained the 103(k) order during this time period forbidding access to the mine.

9. While the 103(k) 7204983 order was in place, MSHA monitored the mine and requested that PinnOak take certain steps to make the mine safe for re-entry. As conditions improved in the mine, MSHA gradually allowed PinnOak a limited amount of access for clearly defined activities. The mine, itself, resumed some coal production on or about April 2, 2004. Finally, on June 2, 2004, MSHA completely withdrew 103(k) Order 7204983 and allowed full access to the mine.

10. Even though the last known ignition occurred over two years ago, to date, MSHA apparently has not completed its investigation into the cause of the methane ignitions, despite the fact that the investigation is not complicated by fatalities or injuries, and only property damage was sustained. MSHA representatives, who staffed a command facility to monitor the Pinnacle Mine during the 103(k) order, have since withdrawn.

11. PinnOak apparently believed that Lloyd's failed to properly adjust PinnOak's claim arising from the methane ignitions and commenced an action in the Circuit Court of Wyoming County, West Virginia, on February 6, 2004. PinnOak alleged, among other things, breach of contract and bad faith. PinnOak's breach of contract claims are scheduled for trial commencing on May 15, 2006.

<u>B&V's FOIA Request and MSHA's Failure to Disclose</u>

12. On February 5, 2005, B&V, as part of its necessary trial preparation, requested that MSHA, pursuant to 5 U.S.C § 552, produce a limited amount of responsive documents concerning 103(k) Order No. 7204983, including investigator notes, preliminary reports, all modifications of the 103(k) order, and the termination of the order.

13. Specifically, B&V made the following seven requests:

   a. All MSHA inspector notes from the issuance of the 103(k) order to termination of that order.

   b. Notes by MSHA employees of all meetings held among MSHA, the mine operator PinnOak and their management or other personnel, the State of West Virginia, the United Mine Workers of America, or others regarding the response and recovery operations of the Pinnacle Mine.

   c. All submittals to MSHA concerning the Pinnacle mine recovery and response.

   d. All MSHA notes concerning submittals to MSHA relevant to the Pinnacle Mine accident by PinnOak, the State of West Virginia, the United Mine Workers or others.

   e. All written responses, including denials or approvals by MSHA, to any submittals made to MSHA regarding the Pinnacle Mine recovery or response.

   f. A copy of the Pinnacle Mine Investigation report and all MSHA investigative team member notes relevant to the Pinnacle Mine event(s) that resulted in the 103(k) order; and

   g. A copy of the 103(k) order issued to Pinnacle Mine on or about September 2, 2003, and all modifications of the order, and the termination of the order.

14. On April 5, 2005, MSHA first responded to B&V's February 5, 2005 FOIA request, in violation of 5 U.S.C. § 552(a)(6)(A)(ii), which requires a twenty-day response.

15. MSHA only agreed to provide the actual 103(k) order no. 7204983 and its modifications, thereby responding to only one of Lloyd's seven categories of requested documents (request "g").  But MSHA failed to produce any documents in response to the remaining six requests (requests a-f).

16. MSHA's only alleged basis for withholding the responsive information was to cite the existence of an "ongoing investigation."  Specifically, MSHA stated as follows in its April 5, 2005 letter:

> Since it is still an ongoing investigation, all other documents are withheld under FOIA Exemption 7(A), which protects from disclosure records or information compiled for law enforcement purposes whose disclosure could reasonably be expected to interfere with enforcement proceedings.

The above constitutes MSHA's entire explanation for withholding the documents requested by B&V.

17. MSHA's explanation failed to identify (1) which investigation would be impeded, (2) whether such investigation was actually "ongoing," and (3) how the disclosure of B&V's requested information, such as inspector notes, submittals to MSHA, responses by MSHA, and MSHA's reports, would impede such "ongoing" investigation.

18. On April 7, 2005, B&V filed an appeal of MSHA's decision with the Solicitor of Labor (Appeal #050195).

19. B&V's appeal stated that under FOIA, MSHA must disclose all requested documents, or identify how disclosure of the withheld documents purportedly interferes with a pending law enforcement investigation.

20. Having failed to receive a response, on June 3, 2005, B&V sent a follow-up letter to the Solicitor of Labor requesting review of its FOIA appeal.  But the Solicitor of Labor ignored the letter and again failed to answer B&V's appeal.

5

21. Accordingly, on October 5, 2005, B&V wrote directly to Howard Radzely, the Solicitor of Labor, requesting a review of its FOIA appeal. But Mr. Radzely has yet to provide a response to the letter. During the entire pendency of B&V's appeal – over ten months – the Solicitor of Labor never requested in writing an extension of time to respond the B&V appeal pursuant to FOIA § 552(6)(b)(i). Accordingly, the Solicitor of Labor's complete failure to respond to B&V's appeal constitutes a constructive denial under 5 U.S.C. § 552(a)(6)(A)(ii).

22. B&V has exhausted its administrative remedies, and the Solicitor of Labor, by his abject failure to provide any decision on B&V's appeal, has forced B&V to file suit with this Court to compel compliance with the FOIA statute.

<u>MSHA's Investigation is Likely Over</u>

23. Had the Solicitor of Labor reviewed B&V's appeal, the Solicitor would have realized that as of December 2005, over two years after the first ignition, MSHA's investigation is still purportedly "incomplete." But B&V understands that MSHA could not physically access the "gob" area of the Pinnacle Mine where the initial methane ignition(s) are believed to have occurred, because it was permanently sealed. And, MSHA still cannot access the "gob" area, nor does it have any plans to. Therefore, MSHA will never complete its "ongoing" investigation because MSHA will never be able to physically inspect the area where the initial ignition(s) are thought to have occurred.

24. Moreover, where there are no fatalities or injuries, B&V understands, on information and belief, that it is highly unusual that MSHA would continue an investigation for such an extended period of time. Based on the foregoing, it appears that MSHA is permanently "tabling" its final report as to the cause of the methane ignition(s) simply because the relevant evidence could not be accessed, or was otherwise insufficient to lead to a firm conclusion as to cause.

25. MSHA has never identified what "ongoing" investigation would be impeded. And, MSHA has never identified whether such investigation is truly "ongoing." Lastly, MSHA has failed to identify how disclosure of the requested documents would impede this "ongoing" investigation. MSHA has merely offered the conclusory statement that a pending investigation would be impeded. Under FOIA and the cases referencing it, this conclusory statement is plainly insufficient.

26. Defendants' failure to comply with FOIA will significantly and adversely impact B&V's ability, as counsel, to prepare for trial, as the documents requested are essential to the preparation of Lloyds' defense of the lawsuit commenced by PinnOak, and B&V has no other means of access to all of the information requested.

## FIRST CAUSE OF ACTION
**(Violation of FOIA for Failure to Timely Make Records Available)**

27. B&V repeats and realleges, as if fully set forth herein, paragraphs 1-26.

28. MSHA and the Solicitor of Labor accordingly have failed to timely and fully make available the records sought by B&V's requests and failed to timely respond to B&V's appeal, violating FOIA, 5 U.S.C. § 552(a)(6)(A)(ii), which requires a twenty-day response by the agencies.

29. B&V has exhausted any necessary administrative remedies.

30. B&V has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by MSHA and the Solicitor of Labor of said right.

## SECOND CAUSE OF ACTION
**(Violation of FOIA for Failure to Disclose Requested Documents)**

31. B&V repeat and realleges, as if fully set forth herein, paragraphs 1-26.

32. MSHA and the Solicitor of Labor accordingly have violated FOIA § 552(a)(3)(A) by improperly withholding documents on the purported basis of an "ongoing" law enforcement investigation, although the defendants have not identified the investigation, and have not shown how disclosure of the requested documents would impede such investigation.

33. B&V has exhausted any necessary administrative remedies it seeks, and there is no legal basis for the denial by MSHA and the Solicitor of Labor of said right.

WHEREFORE, B &V requests judgment:

(1) Enjoining Defendants' improper withholding of records requested by B&V pursuant to 5 U.S.C. § 552(a)(4)(B);

(2) Ordering Defendants immediately to make the requested records available to Plaintiff;

(3) Expediting this action in every way pursuant to 28 U.S.C. 1657(a);

(4) Awarding Plaintiff its costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

(5) Granting such other and further relief as this Court may deem just and proper.

Date:   March 6, 2006

                              Respectfully submitted,

                              /s/
                        _____

Mark S. Zaid, Esq.
KRIEGER & ZAID, PLLC
D.C. Bar #440532
1920 N Street, N.W.
Washington, D.C. 20036
(202) 454-2809
ZaidMS@aol.com

Attorney for Plaintiff